NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| KRISTEN L., | ) | |
| | ) | Supreme Court No. S-15302 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-11-04906 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| BENJAMIN W., | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1502 - June 11, 2014 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Frank A. Pfiffner, Judge.

Appearances: Lance Christian Wells, Law Offices of Lance Christian Wells, LLC, Anchorage, for Appellant. Allison Mendel, Mendel & Associates, Inc., Anchorage, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

**INTRODUCTION**

As this appeal is presented to us, there is only one issue to decide — did the superior court err in concluding there had been a substantial change of circumstances affecting the parties' two children warranting consideration of the children's best

---

\* Entered under Alaska Appellate Rule 214.

interests  for a possible custody modification?  Because we see no such error, we affirm the superior court's custody modification.

## BACKGROUND

Kristen and Benjamin[1] divorced in early 2012.  Under the terms of their custody agreement, they shared legal custody of their two sons, one born in 2003 and one in 2005.  Kristen, who lives in Anchorage, was to have primary physical custody of the children; Benjamin, who is in the Air Force and lives in California, was to have weekly Skype contact and the children were to travel to California for Christmas and summer visitations.

Kristen and Benjamin were aware before the divorce that their younger child engaged in feminine behaviors, including wearing girl's clothing and nail polish. Both parties apparently assumed the child was going through a "phase," although they had differing views — Benjamin was more accepting of the child's behavior than Kristen, as reflected in a 2011 letter from Kristen's attorney to Benjamin's attorney:

> my client is very concerned about [the younger child].
> Apparently your client and his various family find it amusing
> to dress [the younger child] in girls' clothing, to paint his
> fingernails, to give him princess dolls and other girly items
> including placing make-up upon his face.  This is not cute, or
> amusing.  It is causing difficulties with the child interacting
> with other children at school.  No doubt, it is not in his best
> interest.  It is requested that this behavior be immediately
> terminated.

In June 2013 the children arrived in California for their summer visitation with Benjamin.  Benjamin noticed bruises on the younger child, including a large one on the child's back.  When asked what caused the bruises, the child hid his face in a pillow and was unresponsive.  The child later said that Kristen and her husband caused the

---

[1] To protect the children's privacy, we do not use the parties' last names.

bruises. After talking with his Air Force superiors, Benjamin reported the child's statements to police in California and Anchorage, and he took both children to see a professional counselor in late June. Benjamin showed the counselor pictures of the bruises, advised her of the younger child's feminine phase, and expressed concern about possible physical and emotional abuse of the children in Kristen's household.

Both children reported to the counselor that bruises on the younger child's arm were the result of Kristen's gripping him tightly and that the large bruise on the younger child's back was the result of Kristen's throwing him into his bedroom onto a toy. The younger child also told the counselor that "she should have been born a girl and that she was born into the wrong body." Both children told the counselor that Kristen did not support the younger child's gender expression — the older child said that Kristen told him "gays are sick and it's sick for [the younger child] to play with girl toys." After meeting twice with the children, the counselor filed a mandatory report with California's Child Protection Services (CPS) due to her concern that Kristen had abused them.

In mid-July 2013 Benjamin filed a motion to modify custody based on his concerns about physical and emotional abuse of the children while with Kristen. After considering Kristen's opposition, the superior court ordered an evidentiary hearing to determine whether there had been a substantial change of circumstances affecting the children, and, if so, whether the best interests of the children warranted a change in custody.[2]

---

[2]   *See* AS 25.20.110 (authorizing custody modification when warranted by change in circumstances and best interests of child). After a hearing has been conducted and a modification decision has been entered, a superior court's decision to hold the evidentiary hearing for a custody modification motion generally is not reviewable on appeal. *Cf. McAlpine v. Pacarro*, 262 P.3d 622, 625-26 (Alaska 2011) (setting out grounds for reversing superior court decision to deny custody modification motion without holding an evidentiary hearing).

After the hearing, the superior court concluded that there had been a substantial change of circumstances affecting the children because of Kristen's "domestic violence and inability to deal with her child's transgender issue." The court determined that a custody change was warranted under two different analyses, one involving the statutory presumption arising from domestic violence[3] and one involving consideration of statutory "best interests" factors for awarding custody.[4] Under each analysis the superior court came to the same conclusion: sole legal and primary physical custody of the children should be with Benjamin, with Kristen having limited unsupervised visitation in California and potential unsupervised visitation in Alaska after complying with a number of conditions.

Kristen appeals the custody modification, but her argument is limited to challenging the superior court's factual findings underlying the conclusion that there had been a substantial change of circumstances affecting the children that warranted consideration of a custody modification. If the superior court's factual findings are not clearly erroneous and if those facts establish a substantial change of circumstances warranting consideration of a custody change, nothing further needs to be considered by this court because Kristen does not otherwise challenge the superior court's custody and visitation decision.

### CUSTODY MODIFICATION FRAMEWORK

Alaska Statute 25.20.110(a) provides that "[a]n award of custody of a child or visitation with the child may be modified if the court determines that a change in

---

[3]     AS 25.24.150(g) ("There is a rebuttable presumption that a parent who has a history of perpetrating domestic violence against . . . a child . . . may not be awarded sole legal custody, sole physical custody, joint legal custody, or joint physical custody of a child.").

[4]     AS 25.24.150(c) (providing a list of best interests factors a court shall consider when determining custody).

circumstances requires the modification of the award and the modification is in the best interests of the child." The party moving for custody modification has the burden to establish that a substantial change has occurred.[5] "The required change in circumstance must be significant or substantial, and must be demonstrated relative to the facts and circumstances that existed at the time of the prior custody order that the party seeks to modify."[6] Once the court has found such a change, the court "must then determine whether modification of the arrangement is in the best interests of the child."[7]

The superior court's findings of fact underlying a determination of a substantial change of circumstances are reviewed for clear error.[8] Assuming there has been a substantial change of circumstances, the superior court's custody decision is reviewed for abuse of discretion, subject to independent review of the superior court's application of controlling law.[9]

## DISCUSSION

### Substantial Change of Circumstances

The superior court concluded that there had been a substantial change of circumstances affecting the children because of Kristen's "domestic violence and inability to deal with her child's transgender issue." Because domestic violence involving a child constitutes a significant change of circumstances affecting the child as

---

[5]     *McLane v. Paul*, 189 P.3d 1039, 1043 (Alaska 2008) (citing *Morino v. Swayman*, 970 P.2d 426, 428 (Alaska 1999)).

[6]     *Heather W. v. Rudy R.*, 274 P.3d 478, 481-82 (Alaska 2012) (quoting *Jenkins v. Handel*, 10 P.3d 586, 589 (Alaska 2000)).

[7]     *Id.* at 482; *see also* AS 25.20.110(a).

[8]     *Hunter v. Conwell*, 276 P.3d 413, 418 (Alaska 2012) (quoting *Wee v. Eggener*, 225 P.3d 1120, 1124 (Alaska 2010)).

[9]     *Hunter*, 276 P.3d at 418; *Heather W.*, 274 P.3d at 481.

a matter of law,[10] we consider this aspect of the superior court's determination first; if we affirm it, then we do not need to consider the other aspect of the superior court's determination.

The superior court heard testimony from four sources: (1) Benjamin and his new wife; (2) the children's counselor; (3) a number of people who supported Kristen; and (4) Kristen and her new husband. We outline that testimony and the superior court's credibility findings as follows.

Benjamin and his new wife testified about finding bruises on the younger child, and Benjamin presented photographs at trial purportedly showing bruises on the child's legs, arms, and back. Benjamin and his wife also testified about the younger child's gender expression, the children's interactions with the counselor, and the CPS investigation. The superior court found they testified credibly that they did not cause the younger child's bruises. The court also noted the photographs were "not of the greatest quality" but they showed five different bruises "not of the type that would be caused by mere horseplay."

The children's counselor provided expert testimony about children and gender issues. She testified that the younger child identified as female and that, based on her discussions with the children, Kristen was unsupportive of this. She stated that the children told her they were often physically abused by their mother and stepfather. The counselor stated the older child said he is afraid of his mother and he tries to keep her from getting angry. She testified that the younger child told her the largest bruise was caused when Kristen "literally threw" the child, who landed on a toy, and that she

---

[10] AS 25.20.110(c) ("[A] finding that a crime involving domestic violence has occurred since the last custody or visitation determination is a finding of change of circumstances . . . ."). The superior court relied on AS 18.66.990(3), listing the crimes that can be considered, and specifically concluded that Kristen had committed fourth degree assault under AS 11.41.230.

believed this statement. The court found the counselor's testimony credible and said she was not a "hired gun." The court specifically found that the counselor's notes corroborated her testimony and it quoted dated excerpts from her notes describing how the children were afraid of their mother. Lastly, the court noted that the counselor's testimony about the children's statements was admissible under two hearsay exceptions, the medical treatment exception[11] and the catchall exception,[12] and that the statements were "trustworthy and the information is worthy of belief."[13]

Kristen introduced testimony from nine additional witnesses. These witnesses testified that Kristen was a good mother and that they did not believe she was abusive. One family friend testified that he saw the children before they left for California and that he did not see any bruises; because the children were in swimsuits, bruising on their backs would have been apparent. A second friend also said she saw the children in swimsuits before their trip and did not see any bruises. Another friend said she saw the children wearing knee-length shorts the weekend before they left for

---

[11] Alaska R. Evid. 803(4) (excepting "[s]tatements made for purposes of medical diagnosis or treatment" from general rule that hearsay is inadmissible).

[12] Alaska R. Evid. 803(23) (general exception requiring circumstantial guarantees of trustworthiness).

[13] Kristen contends there is "no indication in the record of this case that the trial court gave any consideration to the underlying issue" of whether the hearsay statements were credible. This is belied by the court's specific finding that the children's statements were reliable. And Kristen admits that most of "[the counselor's] testimony was not specifically objected to at trial as hearsay." "Hearsay testimony which is not objected to is fully competent." *City of Anchorage v. Nesbett*, 530 P.2d 1324, 1336 (Alaska 1975).

California and did not see any bruises. The superior court made no credibility determinations regarding this testimony.

Kristen and her new husband testified that the younger child is feminine and often dresses in various costumes. They testified that neither of them is homophobic and that Kristen's negative reaction to her child dressing as a girl was because she was afraid it would cause bullying. They also testified that they do not abuse the children and that they did not cause the bruises. The court found Kristen's husband testified credibly that he had not committed the only instance of physical abuse specifically attributed to him. While the court did not make a specific finding as to Kristen's credibility, the court was not persuaded by her or her witnesses' testimony — the court found that Kristen "perpetrated multiple instances of domestic violence . . . in the privacy of her home" and "created a façade in public such that her parade of witnesses all testify that she's the greatest mother ever."

On appeal to us, the crux of Kristen's argument is that the superior court improperly weighed the evidence and should not have given any significant weight to the counselor's testimony. But "the trial court, not this court, performs the function of judging the credibility of witnesses and weighing conflicting evidence."[14] The superior court made specific findings of fact about the credibility of the witnesses and weighed their testimony accordingly; we cannot say on this record that the superior court's findings of domestic violence are clearly erroneous.[15] Therefore, we must conclude that

---

[14]     *Ebertz v. Ebertz*, 113 P.3d 643, 646 (Alaska 2005); *accord Mallory D. v. Malcom D.*, 290 P.3d 1194, 1200 (Alaska 2012).

[15]     Because we affirm the superior court's finding that Kristen committed domestic violence against the children, we do not need to address the court's other finding underlying its change of circumstances determination.

the superior court did not err in determining that there had been a substantial change of circumstances warranting consideration of a custody modification.

**Custody Modification**

We briefly address the superior court's custody modification.

First, Kristen makes no challenge to the superior court's weighing of the statutory best interests factors in reaching its custody decision. Because the superior court came to the same custody decision under the best interests analysis as it did using the statutory presumption arising from domestic violence, we do not need to consider whether the superior court correctly applied the domestic violence presumption.

Second, Kristen makes no challenge to the superior court's decision to restrict her to supervised visitation in Alaska, subject to revision upon completion of specified domestic violence and parenting classes. We note only that the superior court's decision appears to be supported by necessary findings and includes a course of action through which Kristen can regain unsupervised visitation.[16]

In light of the foregoing, the superior court's custody decision was within its broad discretion.

## CONCLUSION

We AFFIRM the superior court's custody modification decision.

---

[16]     *See Yelena R. v. George R.*, ___ P.3d ___, Op. No. 6912 at \*27 (Alaska, May 23, 2014) (quoting *Fardig v. Fardig*, 56 P.3d 9, 14 (Alaska 2002)).